UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRELL DARRON JORDAN<br>a/k/a TRACY HALSELL,<br>  Plaintiff,<br>vs.<br><br>JADA PINKETT-SMITH,<br>  Defendant. | Case No. 1:23-cv-137<br>Barrett, J.<br>Litkovitz, M.J.<br><br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil complaint against Jada Pinkett-Smith, a resident of Los Angeles, California. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

A.    **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

2

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

    **B.**    **Plaintiff's Complaint**

Plaintiff's complaint alleges that in 1990, "Mrs. Jada Pinkett Smith did knowingly in fact continually submerge 'me' the plaintiff in cold water in the bathtub at her apartment in Louisville, Ky. . . ." (Doc. 1-1 at PAGEID 6). Plaintiff alleges that he and his sister were often molested in this home. The complaint continues:

> I was choked up against the wall then mistreated on the account and in violation of my 14th Amendment right equal protection by her husband Tarras Turncy Truitt which has been reported to Louisville Department of Family Services however this lawsuit is being filed which eventually also will be submitted to the courts a notice

3

from the hospital in 1999 indicating that I do suffer from Post-Traumatic Stress Disorder it's a awful memory that never goes away that Mrs. Smith continually what seems to be a conspiracy to commit murder as she submerged me in cold bath water at 18 months old and not even two years old yet, she also discriminated against me for being gay & African American torturing me and my mother Kimberly Jordan with her vicious, cruel, violent assault to "me" a minor child (1991).

(*Id*.). Plaintiff seeks $25 million in damages.

### C. Resolution

A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *Neitzke*, 490 U.S. at 327-28. Plaintiff's pro se complaint is without an arguable basis in fact over which this federal Court has subject matter jurisdiction. The complaint is largely incomprehensible and contains fanciful allegations that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). In addition, the Court need not accept as true the legal conclusions couched as factual allegations contained in the complaint. *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendant violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Accordingly, the complaint should be dismissed as frivolous and for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).

### Sanctions Recommendation

This is the sixth in a series of frivolous complaints filed by plaintiff over the past two years. As recently noted by the Court in another of plaintiff's cases, "Plaintiff recently has filed multiple complaints that either have been dismissed with prejudice on initial screening, or as to

4

which a pending Report and Recommendation recommends such dismissal." *Tracy Halsell, a/k/a Terrell D. Jordon v. Cincinnati Police Dep't,* No. 1:23-cv-24, 2023 WL 312789, at *2 (S.D. Ohio Jan. 19, 2023), *report and recommendation adopted*, 2023 WL 1971342 (S.D. Ohio Feb. 13, 2023). In that case, plaintiff alleged that he was harassed and assaulted by President Barack Obama when plaintiff was a minor student at Cincinnati State Technical and Community College; that former public officials and celebrities "are all guilty of rape"; and that the defendants – the Cincinnati Police Department and District of Columbia Police Department – ignored plaintiff's phone calls and hung up on him. The Court noted that plaintiff's complaint was his fifth *in forma pauperis* case that was subject to summary dismissal, and plaintiff should be forewarned that his conduct may be considered to be vexatious.[2] *Id*. On February 13, 2023, District Judge Dlott adopted the Report and Recommendation, dismissed plaintiff's case with prejudice, and issued the following admonition: "Plaintiff is **WARNED** that filing additional frivolous lawsuits in this District Court may result in sanctions or a determination that Plaintiff is a vexatious litigant." *Halsell*, 2023 WL 1971342, at *1.

On March 13, 2023, one month following this warning, plaintiff filed the instant complaint. Because plaintiff failed to heed that warning and filed yet another frivolous lawsuit, sanctions are appropriate.

The repeated filing of frivolous lawsuits by vexatious litigators is a well-recognized

---

[2] The Court cited the following cases, each of which contains similarly wholly implausible and irrational allegations: *Halsell v. People Ready*, No. 1:21-cv-763, 2022 WL 178519 (S.D. Ohio Jan. 20, 2022), *report and recommendation adopted*, 2022 WL 6922115 (S.D. Ohio Oct. 12, 2022); *Prince Terrell D. Jordan, a/k/a Tracy D. Halsell v. Jeff Wyler Hyundai Fairfield*, No. 1:22-cv-771, 2023 WL 312786, at *1 (S.D. Ohio Jan. 19, 2023) (Report and Recommendation pending); *Prince Terrell D. Jordan, a/k/a Tracy D. Halsell v. USA*, No. 1:22-cv-534, 2022 WL 4493915, at *1 (S.D. Ohio Sept. 28, 2022) (Report and Recommendation pending); *Tracy Halsell v. Obama*, No. 1:22-cv-536, 2022 WL 4368262, at *1 (S.D. Ohio Sept. 21, 2022), *report and recommendation adopted*, 2022 WL 16964464, at *1 (S.D. Ohio Nov. 16, 2022).

5

problem in the federal courts because such filings require a significant expenditure of limited judicial resources. As a result, district courts have the "inherent authority to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings." *Brown v. Foley*, No. 20-3272, 2020 WL 8921407, at *2 (6th Cir. July 27, 2020) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998)). A court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers*, 141 F.3d at 269. The *Feathers* court recognized there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Id.* Without doubt, a litigant who files a case without merit wastes the resources of the Court and the named defendants. *See, e.g.*, *Martin v. D.C. Ct. of Appeals,* 506 U.S. 1, 3 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

At this juncture, plaintiff's actions rise to the level of prolific and vexatious litigation. *See Feathers*, 141 F.3d at 269 (issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases). Issuing yet another warning to this particular plaintiff clearly would be of no benefit either to plaintiff or to this Court, since he seems unable to comply with the Court's warnings or to fully comprehend that his claims are fantastic and irrational. Therefore, the undersigned recommends classifying plaintiff as a vexations litigator such that pre-filing restrictions should be imposed before any additional complaints will be accepted by this Court. *See Marbly v. Wheatley, 87* F. App'x 535 (6th Cir. 2004) (mandating that pro se plaintiff first

6

seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Fin.,* 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (requiring harassing and vexatious pro se litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

In terms of the level of pre-filing restrictions to be imposed, the undersigned notes that requiring court review of any proposed future filings by plaintiff would likely result in a further waste of scarce judicial resources. *See Moore v. Hillman,* 2006 WL 1313880, at *5 (W.D. Mich. May 12, 2006) (citing *Sassower v. Am. Bar Assn.,* 33 F.3d 733, 736 (7th Cir. 1994)). Plaintiff has demonstrated an inability to curtail his litigation practices. With respect to this unique category of abusive litigators, courts have struggled to find an appropriate remedy that does not expend additional resources in the course of judicial gatekeeping. Thus, courts have restricted pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Muni. Ct.,* 114 F.3d 1188 (6th Cir. 1997) (unpublished), 1997 WL 321112, *1; *May v. Guckenberger,* No. 1:00-cv-794, 2001 WL 1842462, *6 (S.D. Ohio 2001). The Court finds that a similar sanction is appropriate in this case to deter plaintiff from filing future vexatious and frivolous lawsuits in this Court. Accordingly, plaintiff should be declared a harassing and vexatious litigator and therefore be enjoined and prohibited from filing any additional complaints in the Southern District of Ohio which have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B);

2. Plaintiff Terrell Darron Jordan a/k/a Tracy Halsell be declared a vexatious litigator, and therefore be **ENJOINED AND PROHIBITED** from filing any additional complaints in the Southern District of Ohio which have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, *or alternatively,* which are accompanied by payment of the full filing fee;

3. The Clerk of Court be specifically **DIRECTED** not to accept any such pleadings from plaintiff absent compliance with the above restrictions and to dispose of such documents accordingly;

4. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date 3/22/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRELL DARRON JORDAN
a/k/a TRACY HALSELL,
 Plaintiff,

vs.

JADA PINKETT-SMITH,
 Defendants.

Case No. 1:23-cv-137

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).