**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

Terrell Darron Jordan
a/k/a Tracy Halsell,

   Plaintiff,                                              Case No. 1:23cv137

             v.                                       Judge Michael R. Barrett

Jada Pinkett-Smith,

   Defendant.

## ORDER

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on March 23, 2023. (Doc. 4). Proper notice was given to Plaintiff (who proceeds *pro se*) under 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. P. 72(b), including notice that he may forfeit rights on appeal if he failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Plaintiff thereafter filed a "reply" to the R&R on April 14, 2023. (Doc. 7).[1]

**Standard.** Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge. With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see* 28 U.S.C. § 636(b)(1).

---

[1] The R&R originally was sent to an incorrect address and was returned to the Clerk (Doc. 5) on April 5, 2023. At the undersigned's instruction (Doc. 6), the R&R was then served on Plaintiff at the correct address, requiring any objections to be filed no later than April 24, 2023.

General objections are insufficient to preserve any issue for review. "A general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate[ judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard*, 932 F.2d at 508–09).

**Summary of the R&R.** As the Magistrate Judge explains:

> Plaintiff's [pro se] complaint alleges that in 1990, "Mrs. Jada Pinkett Smith did knowingly in fact continually submerge 'me' the plaintiff in cold water in the bathtub at her apartment in Louisville, Ky. . . ." (Doc. 1-1 at PAGEID 6). Plaintiff alleges that he and his sister were often molested in this home. The complaint continues:
>
>> I was choked up against the wall then mistreated on the account and in violation of my 14th Amendment right equal protection by her husband Tarras Turncy Truitt which has been reported to Louisville Department of Family Services however this lawsuit is being filed which eventually also will be submitted to the courts a notice from the hospital in 1999 indicating that I do suffer from Post-Traumatic Stress Disorder it's a awful memory that never goes away that Mrs. Smith continually what seems to be a conspiracy to commit murder as she submerged me in cold bath water at 18 months old and not even two years old yet, she also discriminated against me for being gay & African American torturing me and my mother Kimberly Jordan with her vicious, cruel, violent assault to "me" a minor child (1991).

2

(*Id.*). Plaintiff seeks $25 million in damages. (Doc. 4 PAGEID 20–21). The Magistrate Judge recommends that Plaintiff's Complaint be "dismissed as frivolous and for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)." (*Id.* PAGEID 21 ("Plaintiff's pro se complaint is without an arguable basis in fact over which this federal Court has subject matter jurisdiction. The complaint is largely incomprehensible and contains fanciful allegations that 'rise to the level of the irrational or the wholly incredible.'" (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)))). The Magistrate Judge further recommends that the undersigned impose sanctions,[2] noting that Plaintiff was forewarned that "his conduct may be considered to be vexatious." (Doc. 4 PAGEID 21–22 ("Plaintiff is **WARNED** that filing additional frivolous lawsuits in this District Court may result in sanctions or a determination that Plaintiff is a vexatious litigant." (quoting *Tracy Halsell, a/k/a Terrell D. Jordon v. Cincinnati Police Dep't*, No. 1:23-cv-24, 2023 WL 1971342, at *1 (S.D. Ohio Feb. 13, 2023), *adopting report & recommendation*, 2023 WL 312789 (S.D. Ohio Jan. 19, 2023)) (emphasis in original))). One month after this warning, Plaintiff filed the instant Complaint (on March 13, 2023), again seeking *in forma pauperis* status. (Doc. 4 PAGEID 22).

**Analysis.** The Court will interpret Plaintiff's reply as an objection to the R&R. As such, it will be overruled.

Plaintiff repeats his delusional allegations, adding that he "was approached by Muhammad Ali after a audition to be a singer, who reportedly said that several people had been using my name, had been raping me, and to a degree of unlawful sex with a minor." (Doc. 7 PAGEID 44–45). He pejoratively criticizes the Magistrate Judge's

---

[2] (Doc. 4 PAGEID 21 ("This is the sixth in a series of frivolous complaints filed by plaintiff over the past two years.")).

3

determination that his Complaints are "malicious or frivolous and or to say false" by accusing her of racism. (*Id.*). Plaintiff contends that, "[i]n any instant it is never the judges responsibility as far as I am concerned to make a judgement about 'who' a plaintiff knows in any case, or who a plaintiff has come involved with." (*Id.* PAGEID 45).

Plaintiff is wrong. The language of the federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915 and as interpreted by the United States Supreme Court, requires the Court to make this determination. At its base, Plaintiff's objection "does nothing more than state a disagreement with [the Magistrate Judge's] suggested resolution" and thus fails under *Aldich*. 327 F. Supp. 2d at 747.

**Conclusion.** Based on the foregoing and after a de novo review, the Court **OVERRULES** Plaintiff's objection (Doc. 7) and **ACCEPTS** and **ADOPTS** the Magistrate Judge's March 23, 2023 R&R (Doc. 4). Consistent with her recommendation:

1. Plaintiff's Complaint (Doc. 3) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B);

2. Plaintiff Terrell Darron Jordan a/k/a Tracy Halsell is declared a vexatious litigator and, as such, is **ENJOINED and PROHIBITED** from filing any additional complaints in the Southern District of Ohio that have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted. This declaration, however, does not prohibit Terrell Darron Jordan a/k/a Tracy Halsell from filing additional complaints **THAT ARE ACCOMPANIED BY PAYMENT OF THE FULL FILING FEE**.

3. The Clerk of Court is specifically **DIRECTED** not to accept any such pleadings from Plaintiff absent compliance with the above restrictions and to dispose of

4

such documents accordingly;

4. Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that (for the reasons set forth by the Magistrate Judge in the R&R) an appeal of this Order would not be taken in good faith and thus **DENIES** Plaintiff leave to appeal *in forma pauperis*.  As a non-prisoner, however, Plaintiff remains free to apply to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals.  See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997); and

5. This case is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                  /s/ *Michael R. Barrett*
                                                  Michael R. Barrett, Judge
                                                  United States District Court